744 A.2d 1280

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Jose VASQUEZ, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1999.

Decided Jan. 28, 2000.

Mitchell Scott Strutin, Philadelphia, for Jose Vasquez.

Catherine Marshall, Anya K.R. Rosin, Philadelphia, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

In this direct appeal, we must resolve whether a trial court had the authority to impose a mandatory fine, which it initially

neglected to render in its judgement of sentence. At issue in this case is the interpretation by a trial court of the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508. The trial court concluded, and the Superior Court agreed, that where the Commonwealth properly invokes the mandatory sentencing provisions found in 18 Pa.C.S. § 7508, the trial court must apply the entire, relevant provision and can correct, at any time, a sentence it has imposed that fails to conform to the statute. After studying the terms of 18 Pa.C.S. § 7508 and reviewing the relevant case law, we find no error with the conclusions reached by the trial court and the Superior Court.

## I. FACTS AND PROCEDURAL HISTORY

On February 4, 1992, two City of Philadelphia police officers observed Jose Vasquez (Appellant) trafficking in items they believed to be controlled substances. The police arrested Appellant and recovered 120 packets of heroin, a Schedule I controlled substance.[1] The aggregate weight of the seized heroin was 3.2 grams. After a bench trial, the trial court convicted Appellant of possession[2] and possession with intent to deliver a controlled substance.[3] Appellant filed post-trial motions, which the trial court denied. On June 1, 1994, the trial court sentenced Appellant to a term of imprisonment of two (2) to five (5) years, pursuant to 18 Pa.C.S. § 7508(a)(2)(i).[4]

Appellant filed a timely appeal to the Superior Court, challenging his competency to stand trial and his waiver of a jury trial. Neither Appellant nor the Commonwealth presented any questions to the Superior Court concerning the applica-

1. 35 P.S. § 780–104.
2. 35 P.S. § 780–113(a)(16).
3. 35 P.S. § 780–113(a)(30).
4. Section 7508(a)(2)(i) provides:
   (2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a

tion by the trial court of the mandatory sentencing provisions. The Superior Court affirmed the conviction but vacated the Judgment of Sentence and remanded the matter to the trial court for resentencing. The Superior Court acknowledged in its unpublished opinion that the trial court had made a direct request that it remand for resentencing. In a Rule 1925 opinion,[5] the trial court indicated that it had "inadvertently omitted" the mandatory fine of five thousand dollars ($5,000.00)[6] from the sentence and urged the Superior Court to remand the case. In a concurring and dissenting opinion, Judge Johnson disagreed with the appropriateness of the remand, finding that the Commonwealth failed to preserve for appeal or request review of the issue concerning the mandatory fine. Appellant filed a Petition for Allowance of Appeal with this Court, which we denied on December 8, 1995. On remand, following a hearing, the trial court sentenced Appellant to a period of incarceration of two to four years and ordered him to pay the mandatory fine. The Superior Court affirmed the Order of the trial court without dissent in an unpublished opinion.

## II. DISCUSSION

### A. MANDATORY MINIMUM SENTENCING PROVISION

■ Generally, the imposition of a sentence is vested in the sound discretion of the trial court. *Commonwealth v. Gribble,*

narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.
18 Pa.C.S. § 7508(a)(2)(i).

5. Pa.R.A.P. 1925.

6. 18 Pa.C.S. § 7508(2)(i).

550 Pa. 62, 703 A.2d 426, 437 (1997). Only the appellate court with initial jurisdiction over an appeal may review discretionary aspects of sentencing and will not disturb a Judgment of Sentence absent an abuse of discretion. 42 Pa.C.S. § 9781(f); *see Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893, 895 (1996). However, because the question before us asks whether the trial court had the authority to impose a statutorily mandated fine, we must first determine whether the action of the trial court was an error of law.

■ The legislature established mandatory minimum sentences for drug trafficking convictions by enacting 18 Pa.C.S. § 7508. Section 7508 sets forth the minimum penalties that apply to specific drug offenses. The terms of the statute are clear that sentences may not deviate from the minimum limits set forth by Section 7508.[7] Once a trial court has determined that the Commonwealth has established the requirements of a legislatively mandated sentence, the trial court has no discretion to deviate its sentence from that which is defined by statute. *Commonwealth v. Myers,* 554 Pa. 569, 722 A.2d 649, 652 (1998); *Commonwealth v. Biddle,* 411 Pa.Super. 210, 601 A.2d 313, 318 (1991).

Appellant does not dispute the applicability of Section 7508(a)(2)(i) to his conviction. He raises no issue regarding the identification of the controlled substance or its weight. Furthermore, Appellant does not dispute the finding by the trial court that the Commonwealth notified both the trial court and him after conviction and before sentencing that it intended to seek the mandatory minimum sentence provided by

7. Section 7508(c) states:

There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act ... shall not be available to a defendant to which this section applies.

18 Pa.C.S. § 7508(c) (footnote omitted).

Section 7508. *See* 18 Pa.C.S. § 7508(b) (requiring the Commonwealth to provide reasonable notice). Instead, Appellant makes a purely procedural argument. He suggests that the notice provided by the Commonwealth must state the precise punishment it will seek, pursuant to the mandatory provision, and, here, he alleges that the Commonwealth failed to declare its intent to petition for imposition of the mandatory fine. Appellant argues that when the Commonwealth seeks only part of a mandatory provision of Section 7508, the judiciary has no power to interfere with its discretionary act.

When the words of a statute are clear and free from ambiguity, courts must not substitute an alternate meaning. 1 Pa.C.S. § 1921(b); *Hayes v. Mercy Health Corp.,* 559 Pa. 21, 739 A.2d 114, 116 (1999). There can be no doubt that the legislature intended the Commonwealth to provide the courts and defendants with general notice of its intention to invoke the statutory provisions. We have already held that where a statute requires the Commonwealth to provide notice of its intent to seek a statutorily defined, minimum sentence, trial courts cannot impose such a sentence without the requisite notice. *Commonwealth v. Pittman,* 515 Pa. 272, 528 A.2d 138, 143 (1987); *see Commonwealth v. Heath,* 528 Pa. 316, 597 A.2d 1135, 1136 (1991); *Commonwealth v. Harton,* 518 Pa. 69, 540 A.2d 932 (1988) (*per curiam* affirmance). Section 7508(b), however, mandates merely that the Commonwealth give "reasonable notice of [its] intention to proceed under this section" after conviction and before sentencing. 18 Pa.C.S. § 7508(b). Had the legislature sought to give the Commonwealth discretion to request a mandatory term of years *or* a fine, exclusive of the other penalty, it would have done so with express language. Instead, each mandatory sentencing provision of Section 7508 requires trial courts to impose a specific term of years *and* a fine, not one or the other. When the Commonwealth gives reasonable notice that it intends to invoke Section 7508, it provides notice of its intent to seek a punishment that encapsulates all relevant provisions set forth in that section. Accordingly, the trial court committed no error of law when it resentenced Appellant.

## B. WAIVER OF ILLEGALITY OF SENTENCES

Appellant also contends that the Superior Court lacked the authority to remand the matter for resentencing and the trial court possessed no jurisdiction to modify its sentence. Pursuant to Rule 1410 of the Pennsylvania Rules of Criminal Procedure, if the Commonwealth wishes to petition the trial court to modify its sentence, it must file its motion within ten (10) days after imposition of the sentence. Pa.R.Crim.P. 1410; *Fajohn v. Commonwealth, Dept. of Corrections*, 547 Pa. 649, 692 A.2d 1067, 1068 n. 1 (1997); *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287, 1291 & n. 8 (1983). According to Appellant, the Commonwealth waived its opportunity to appeal the sentence by not objecting during the sentencing hearing and not filing a timely post-sentence motion with the trial court. He adds that although a trial court retains jurisdiction to modify or rescind an order for thirty days after its entry, 42 Pa.C.S. § 5505, the trial court did not avail itself of that opportunity. *See Fajohn*, 692 A.2d at 1068 n. 1. It is also Appellant's belief that the Superior Court erred in remanding the case to impose the mandatory fine because neither party addressed the issue in their briefs.

▮ The Commonwealth does not contest Appellant's assertions that the Commonwealth failed to file a timely motion to modify the sentence or preserve the issue for direct appeal. Rather, the Commonwealth maintains that, because the initial sentence lacked the mandatory fine, it was illegal from its inception and always susceptible to correction. We agree.

▮ "[C]laims concerning the illegality of the sentence are not waivable." *Commonwealth v. Smith*, 528 Pa. 380, 598 A.2d 268, 270 (1991); *see Isabell*, 467 A.2d at 1290. In *Smith*, the defendant advanced an argument similar to Appellant's. In that case, the defendant alleged that Rule 1410 of the Pennsylvania Rules of Criminal Procedure proscribed the Commonwealth from petitioning the trial court to increase his sentence by applying a mandatory minimum sentence, statutorily required for recidivists, pursuant to 42 Pa.C.S. § 9714, because the Commonwealth failed to file its motion within ten

days of imposition of the sentence. We determined that non-compliance with Rule 1410 creates no bar to reviewing the application by the trial court of 42 Pa.C.S. § 9714. If a sentence is within the statutory limits, it is legal. *Commonwealth v. Miller,* 541 Pa. 531, 664 A.2d 1310, 1325 (1995), *cert. denied,* 516 U.S. 1122, 116 S.Ct. 932, 133 L.Ed.2d 859 (1996). When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction. *See Commonwealth v. Hertzog,* 492 Pa. 632, 425 A.2d 329, 333 (1981). Trial courts never relinquish their jurisdiction to correct an illegal sentence. *Commonwealth v. Jones,* 520 Pa. 385, 554 A.2d 50, 52 (1989); *cf. Commonwealth v. Kunish,* 529 Pa. 206, 602 A.2d 849, 851 (1992) (citing *Jones, supra* ).

The Superior Court committed no error by vacating the sentence and remanding the case to the trial court. It is clear from the Rule 1925 opinion of the trial court that the Commonwealth notified Appellant and the trial court of its intention to seek a sentence under 18 Pa.C.S. § 7508. By omitting the fine, in contravention of 18 Pa.C.S. § 7508(a)(2)(i), the original sentence was illegal. Because the initial sentence was illegal, the trial court possessed the authority to mold a new, statutorily correct sentence. We find no merit to Appellant's claim that the trial court improperly imposed a new sentence that added a fine of five thousand dollars ($5,000.00) to the existing term of years.

For the foregoing reasons, we affirm the Order of the Superior Court, which affirmed the Judgment of Sentence of the Court of Common Pleas of Philadelphia County.