J-S01004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN R. JAE, | : | |
| | : | |
| Appellant | : | No. 1698 WDA 2013 |

Appeal from the Judgment of Sentence entered on July 12, 2012
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0015145-2011

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 23, 2015**

John R. Jae ("Jae"), *pro se*, appeals from the judgment of sentence imposed following his conviction of one count of possession of child pornography.[1] We vacate the judgment of sentence, and remand for further proceedings.

On April 25, 2012, Jae, represented by private counsel, pled guilty to one count of possession of child pornography, a felony of the third degree. In exchange for his open guilty plea, the Commonwealth agreed to waive any mandatory sentences triggered as a consequence of his plea.[2] On July

---

[1] *See* 18 Pa.C.S.A. § 6312(d).

[2] Because the plea resulted in Jae's third conviction for a sexual offense, he was subject to a mandatory lifetime prison sentence pursuant to 42 Pa.C.S.A. § 9718.2(a)(2). If this had been Jae's second conviction for a sexual offense, he would have been subject to a mandatory 25-year prison sentence pursuant to 42 Pa.C.S.A. § 9718.2(a)(1).

12, 2012, the sentencing court sentenced Jae to serve three to twenty-five years in prison, followed by ten years of probation. The sentencing Order, entered on that same date, specified that "[Jae] is to pay all applicable fees and costs[.]"[3] Order of Sentence, 7/12/12, at 1. Jae did not file a post-sentence motion or a direct appeal.

On June 30, 2013, Jae, *pro se*, filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"),[4] requesting that his post-sentence and appellate rights be reinstated, and that he be permitted to represent himself. On July 24, 2013, Jae's PCRA Petition was granted, and standby counsel was appointed. Thereafter, Jae, *pro se*, filed a post-sentence Motion, which the trial court denied on October 1, 2013. Jae, *pro se*, timely filed a Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.[5]

On appeal, Jae raises the following issues for our review:

1. Did the sentencing judge abuse her discretion and commit egregious, prejudicial and reversible error[,] and deny [Jae] due process of the law in violation of the Fourteenth

---

[3] The sentencing court also entered a Court Commitment Order, which specified that costs in the amount of $822.77 would be imposed on Jae. **See** Court Commitment Order, 7/12/12, at 1, 3. Thereafter, the Department of Court Records assessed fees against Jae in the amount of $744.50, resulting in a total assessment in the amount of $1,567.27. **See** Itemized Account, 7/27/12, at 1-2.

[4] **See** 42 Pa.C.S.A. §§ 9541-9546.

[5] Resolution of this matter on appeal has been significantly delayed by the volume of *pro se* motions, applications, and petitions filed by Jae, including several requests for extensions of time.

Amendment of the U.S. Constitution[,] by imposing a prison sentence upon [Jae,] which was excessive and greater than that allowed by [] the sentencing guidelines [] for a felony 3 criminal?

2. Did the sentencing judge abuse her discretion by sentencing [Jae] to pay costs in this criminal case without first inquiring as to his ability to pay such costs?

3. [D]id the sentencing judge abuse her discretion and commit egregious, prejudicial and reversible error[,] and deny [Jae] due process of the law in violation of the Fourteenth Amendment of the U.S. Constitution at sentencing[,] by nearly exclusively focusing upon the need to punish[,] and ignore [*sic*] [Jae's] rehabilitative and mental health and medical needs[,] and impose [*sic*] too harsh of a prison sentence upon [Jae]?

4. Did the sentencing judge abuse her discretion by not placing on the record[,] in open court[,] a contemporaneous statement of reasons in support of her sentence[,] as required by law?

Brief for Appellant at 7 (unnumbered, capitalization and emphasis omitted, issues renumbered for ease of disposition).

Upon entry of a voluntary guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1276 (Pa. 2014). Legality of sentence issues occur generally either (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected; and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameters set forth by the General Assembly. ***See Commonwealth v. Foster***, 17 A.3d 332, 342 (Pa. 2011).

- 3 -

Here, in each of his claims on appeal, Jae has phrased the issue as one involving the sentencing court's exercise of discretion, rather than the legality of his sentence. However, notwithstanding the manner in which Jae phrased his claims, his first and second issues implicate the legality of his sentence. *See Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. 2003) (stating that a claim that a sentence exceeds the statutory limits constitutes a challenge to the legality of the sentence); *Commonwealth v. Lipinski*, 841 A.2d 537, 539 (Pa. Super. 2004) (stating that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction."); *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013) (stating that a claim contesting the authority of the sentencing court to impose fees and costs constitutes a challenge to the legality of the sentence).[6]

The question of whether a claim implicates the legality of a sentence presents a pure question of law. *See id.* at 340 n.13. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

In his first issue, Jae contends that his sentence is illegal because it exceeds the maximum sentence permitted by 18 Pa.C.S.A. § 1103(3).[7] Brief

---

[6] In his Reply brief, Jae concedes that his second issue constitutes a legal challenge to his sentence. *See* Reply Brief for Appellant at 4, 8.

[7] Section 1103(3) provides that a prison term for a felony of the third degree shall not exceed seven years.

for Appellant at 2. Jae argues that, because he agreed to plead guilty in exchange for the Commonwealth's waiver of the mandatory sentences provided by 42 Pa.C.S.A. § 9718.2(a)(1) and (2), the sentencing judge abused her discretion by imposing a sentence of three to twenty-five years in prison, followed by ten years of probation. Brief for Appellant at 5. Jae contends that, once the Commonwealth waived these mandatory sentences, the sentencing court could not impose a sentence greater than seven years, pursuant to 18 Pa.C.S.A. § 1103(3). Brief for Appellant at 4-5.

The Sentencing Code contains recidivist provisions requiring mandatory sentences for persons convicted of various offenses. Section 9718.2(a)(2) sets a mandatory minimum term of life imprisonment if the defendant is convicted of one of several enumerated sexual offenses, and the defendant had previously been convicted of two or more such offenses. Section 9718.2 provides, in pertinent part, as follows:

**9718.2. Sentences for sexual offenders**.

(a) **Mandatory sentence**.

\* \* \*

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9795.1 or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, the person shall be sentenced to a term of life imprisonment, notwithstanding any other provision of this title or other statute to the contrary. …

42 Pa.C.S.A. § 9718.2(a)(2) (effective until December 20, 2012).[8]

Nevertheless, section 9718.2(c) contains a notice provision, which requires the Commonwealth to provide notice of its intention to pursue the applicable mandatory minimum sentence:

> **(c)    Proof of sentencing**.   --The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but ***reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing***. …

42 Pa.C.S.A. § 9718.2(c) (effective until December 20, 2012) (emphasis added).

Here, there is no dispute that Jae had been convicted of two or more sexual offenses under section 9795.1 prior to his guilty plea to possession of child pornography.  Nor is there any dispute that, at the time of sentencing, Jae was subject to the mandatory sentencing provisions of section 9718.2(a)(2).    Nevertheless,  in  exchange  for  Jae's  guilty  plea,  the Commonwealth agreed not to proceed under the mandatory sentencing provisions of section 9718.2.  **See Commonwealth v. Pittman**, 528 A.2d 138, 141-42 (Pa. 1987) (holding that a prosecutor may elect not to seek a mandatory minimum sentence).

---

[8] This version of the statute was in effect when Jae committed his offense, pled guilty and was sentenced.  Section 9795.1 (registration of sexual offenders) required registration by individuals who had been convicted of enumerated sexual offenses, including possession of child pornography.

When, as is this case, the Commonwealth agrees to waive the mandatory minimum sentence, the sentencing court does not have the duty, or even the ability, to apply the mandatory minimum sentence. **See Commonwealth v. Mazzetti**, 44 A.3d 58, 65 (Pa. 2012). Accordingly, the sentencing court's authority was limited by section 1103(3), which provides that, for "a felony of the third degree," the sentencing court shall sentence the defendant to "a term which shall be fixed by the court at not more than seven years." 18 Pa.C.S.A. § 1103(3). Because the sentencing court sentenced Jae to a prison term of three to twenty-five years, the sentence is illegal and must be vacated. On remand, the sentencing court is directed to impose a sentence that does not exceed the statutory maximum for a third degree felony, as provided by section 1103(3).

Because we vacate the judgment of sentence, we need not address Jae's remaining issues.[9]

Judgment of sentence vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

---

[9] If we had addressed Jae's second issue, we would have determined that it lacks merit. **See Buck v. Beard**, 879 A.2d 157, 161 (Pa. 2005) (holding that a sentencing hearing provides all the process required before deductions are made from an inmate account); **see also Childs**, 63 A.3d at 326 (holding that, pursuant to Pa.R.Crim.P. 706, a pre-sentencing hearing regarding the defendant's ability to pay is only required prior to the entry of an order directing his imprisonment for failure to pay the ordered costs).

J-S01004-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2015