J-S45007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VIKRAM YAMBA, | |
| Appellant | No. 890 WDA 2015 |

Appeal from the PCRA Order of May 21, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001536-2012

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 4, 2016**

Appellant, Vikram Yamba, appeals from the order entered on May 21, 2015, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order of the PCRA court, vacate the judgment of sentence, and remand for resentencing.

On January 8, 2013, a jury found Appellant guilty of two counts of robbery, two counts of aggravated assault, and one count each of simple assault, recklessly endangering another person, and attempt to commit theft by unlawful taking.[1]  **See** N.T. Trial, 1/8/13, at 131-134.  The convictions arose out of Appellant's armed entry into a convenience store, in an attempt

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (iv), 2702(a)(1) and (4), 2701(a)(3), 2705, and 901(a), respectively.

*Retired Senior Judge assigned to the Superior Court.

to take money from the register. Upon learning that there was no cash in the register, Appellant fired two shots in random directions before fleeing through the front door. An employee heard a third gunshot and watched the glass in the door shatter after they left.

After conviction and prior to sentencing, the Commonwealth filed a "Notice of the Commonwealth's Intention to Proceed Under the Mandatory Sentencing Provision of 42 Pa.C.S.A. [§] 9712." Within the notice, the Commonwealth informed Appellant that, in accordance with 42 Pa.C.S.A. § 9712, it intended to seek the mandatory minimum sentence of five years in prison, as Appellant "visibly possessed a firearm . . . that placed the victim in reasonable fear of death or serious bodily injury during the commission of the offense." Commonwealth's Notice, 1/10/13, at 1; *see also* 42 Pa.C.S.A. § 9712(a).

On February 12, 2013, the trial court held a sentencing hearing and, during the hearing, the trial court specifically held the elements of Section 9712 were satisfied. *See* N.T. Sentencing, 2/12/13, at 10. Thus, at this point, the trial court was statutorily required to sentence Appellant to the mandatory minimum sentence of five years in prison. *See* 42 Pa.C.S.A. § 9712(a) ("any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) . . . shall, if the person visibly possessed a firearm . . . that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be

- 2 -

sentenced to a minimum sentence of at least five years of total confinement"); 42 Pa.C.S.A. § 9712(c) ("[t]here shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a)"). Moreover, the trial court did, in fact, sentence Appellant to a term of five to 12 years in prison for Appellant's aggravated assault conviction – which satisfied Section 9712, as the trial court sentenced Appellant "to a minimum sentence of at least five years of total confinement." 42 Pa.C.S.A. § 9712(a). Further, the trial court signed a "Guideline Sentence Form," where the trial court specifically noted that it sentenced Appellant to the mandatory minimum sentence of 60 months in prison, under Section 9712, for visibly possessing a firearm. Guideline Sentence Form, 2/13/13, at 1. Nevertheless, during the sentencing hearing, the trial court attempted to justify its sentence on a number of different grounds. During the sentencing hearing, the trial court declared:

> The [trial] court notes for the record that this sentence may be justified in a number of fashions[.] First, the sentence would fall in the aggravated range of the sentencing guidelines should the deadly weapon enhancement provision not be applied. And the court feels justified in sentencing in the aggravated range of the sentencing guidelines because the offense occurred while on active supervision, serving two sentences in the federal district court[.]
>
> Furthermore, should the deadly weapon provision be applied, this would fall in the standard range if the deadly weapon enhancement provision were used. We have listened to [Appellant's] argument that there is insufficient

evidence to sustain the deadly weapon enhancement provision; however, we disagree and believe there is sufficient evidence in the record to sustain the use of the deadly weapon enhancement provision[.]

Finally, the sentence could be justified pursuant to the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712. Again, we've listened to [Appellant's] argument that the victim was not actually in fear at the time of the incident. However, we having heard her testimony we believe the interpretation is, and inferences from that testimony, also would support a conclusion that while perhaps in shock at the initial happening of the incident, within seconds and upon realization that the glass door had been shot/broken by a bullet, that that fear set in and was recognizable by the alleged victim[.]

Accordingly, under any of the three aforementioned theories, the sentence of not less than five [] to [no] more than [12] years [for aggravated assault] is justified by the sentencing guidelines.

N.T. Sentencing Hearing, 2/12/13, at 9-10 (some internal capitalization omitted).

The trial court imposed no further penalty for Appellant's remaining convictions. *Id.* at 10.

A prior panel of this Court summarized the procedural history of this case as follows:

Appellant filed a post-sentence motion on February 26, 2013, which the trial court denied. Appellant filed a notice of appeal with this Court on May 16, 2013. . . . On December 27, 2013, this [C]ourt dismissed the notice of appeal for failure of counsel to file a brief on Appellant's behalf. On January 21, 2014, Appellant filed a *pro se* petition pursuant to the [PCRA]. The trial court appointed counsel, who filed an amended PCRA petition on March 6, 2014, seeking reinstatement of Appellant's direct appeal rights. The trial court granted the PCRA petition and

- 4 -

Appellant filed a *nunc pro tunc* notice of appeal on March 27, 2014.

***Commonwealth v. Yamba***, 106 A.3d 157 (Pa. Super. 2014) (unpublished memorandum) at 3-4. This Court affirmed Appellant's judgment of sentence on August 11, 2014. ***Id.*** at 1-12. Appellant did not file a petition for allowance of appeal to our Supreme Court.

On November 7, 2014, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant and counsel filed an amended PCRA petition on Appellant's behalf. Within the amended petition, Appellant claimed that his sentence was illegal, as he was sentenced to a mandatory minimum term of incarceration under 42 Pa.C.S.A. § 9712 and, in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), the United States Supreme Court effectively rendered Section 9712 unconstitutional.[2] Amended PCRA Petition, 1/15/15, at 1-3; *see also Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (holding that ***Alleyne*** rendered 42 Pa.C.S.A. § 9712 wholly unconstitutional).

On May 21, 2015, the PCRA court held a hearing on Appellant's PCRA petition and, at the conclusion of the hearing, the PCRA court denied

_____

[2] We note that the United States Supreme Court decided ***Alleyne*** on June 17, 2013, which was after Appellant was sentenced but while Appellant's direct appeal was pending before this Court.

Appellant's petition on the record. N.T. PCRA Hearing, 5/21/15, at 10. As the PCRA court later explained in its opinion:

> Review of the sentencing proceedings transcript dated February 12, 2013 clearly establishes that, while acknowledging both the deadly weapon enhancement and the mandatory sentencing requirement of [Section] 9712 in existence at the time, [the trial court] expressly did not rely on either of those provisions in determining [Appellant's] sentence. . . .
>
> The sentence imposed was within the statutory sentencing guidelines, albeit in the aggravated range, and the reasons for that sentence appear on the record as required.

PCRA Court Opinion, 6/17/15, at 1 (some internal capitalization omitted).

Appellant filed a timely notice of appeal. Appellant presents the following issue for our review:

> Whether the PCRA court erred in denying [Appellant's] petition when [Appellant] was sentenced according to the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712?

Appellant's Brief at 3.

We observe our well-established standard of review: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotations and citations omitted).

> *Alleyne* challenges implicate the legality of a sentence. A challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Ali*, 112 A.3d 1210, 1225 (Pa. Super. 2015) (internal citations, quotations, and corrections omitted).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489. Further, in *Alleyne*, the United States Supreme Court expanded "*Apprendi's* basic jury-determination rule to mandatory minimum sentences." *Alleyne*, ___ U.S. at ___, 133 S.Ct. at 2167 (Breyer, J., concurring). Specifically, the *Alleyne* court held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2162-2163.

As this Court has held, *Alleyne* rendered 42 Pa.C.S.A. § 9712 wholly unconstitutional. *Valentine*, 101 A.3d at 812. However, Appellant was sentenced on February 12, 2013 and *Alleyne* was not decided until June 17, 2013. Therefore, at the time Appellant was sentenced, 42 Pa.C.S.A. § 9712 was still in force.[3] The relevant portions of the statute read:

§ 9712. Sentences for offenses committed with firearms

_____

[3] Again, the United States Supreme Court decided *Alleyne* while Appellant's direct appeal was pending before this Court.

**(a) Mandatory sentence.--** . . . any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) . . . shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

**(b) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(c) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

**(d) Appeal by Commonwealth.--**If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this

> section if it finds that the sentence was imposed in violation of this section.

42 Pa.C.S.A. § 9712.

Thus, under the law that existed at the time Appellant was sentenced, where the Commonwealth filed notice that it intended to proceed under Section 9712, and where the trial court found that the elements of Section 9712 were established by a preponderance of the evidence, the trial court had **no authority** but to impose a sentence in accordance with the provisions of that section. 42 Pa.C.S.A. § 9712(c). In other words, when triggered by the Commonwealth's notice, Section 9712 automatically limited the trial court's discretion in sentencing enumerated felonies committed with a firearm. *Commonwealth v. Foster*, 17 A.3d 332, 347 (Pa. 2011); *Commonwealth v. Pittman*, 528 A.2d 138, 143 (Pa. 1987).

Prior to sentencing in this case, the Commonwealth filed notice that, in accordance with 42 Pa.C.S.A. § 9712, it intended to seek the mandatory minimum sentence of five years in prison, as Appellant "visibly possessed a firearm . . . that placed the victim in reasonable fear of death or serious bodily injury during the commission of the offense." Commonwealth's Notice, 1/10/13, at 1; *see also* 42 Pa.C.S.A. § 9712(a). Aggravated assault is an enumerated crime of violence to which Section 9712 applies. 42 Pa.C.S.A. § 9714(g). Further, during the sentencing hearing, the trial court determined that: Appellant visibly possessed a firearm; Appellant's possession of the firearm placed another in reasonable fear of death or

serious bodily injury; and, such possession took place during the commission of the offense. *See* N.T. Sentencing, 2/12/13, at 9-10. Therefore, the only sentencing authority vested in the trial court was to sentence Appellant "to a minimum sentence of at least five years of total confinement." 42 Pa.C.S.A. § 9712(a). As such, the trial court had no discretion to alter the "floor" of Appellant's sentence, and any other justification it may have offered for Appellant's sentence is immaterial.[4] Moreover, and as was explained above, the trial court signed a "Guideline Sentence Form," where the trial court specifically noted that it sentenced Appellant to the mandatory minimum sentence of 60 months in prison, under Section 9712, for visibly possessing a firearm. Guideline Sentence Form, 2/13/13, at 1.

Therefore, in this case, the trial court sentenced Appellant to the mandatory minimum sentence under Section 9712, and Appellant's sentence is clearly illegal. As such, we vacate the PCRA court's order, vacate Appellant's judgment of sentence, and remand this case for resentencing.

Order vacated. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[4] Further, it does not follow that, by sentencing Appellant to a term of five to 12 years in prison (as opposed to a term of five to ten years in prison), the trial court was exercising its own discretion without regard for the mandatory sentence under Section 9712. *See* N.T. PCRA Hearing, 5/21/15, at 6. Section 9712 expressly permits sentences greater than the mandatory minimum and does not set an upward boundary on the term of years. 42 Pa.C.S.A. § 9712(c) ("Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section").

Judge Dubow joins this Memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016