J-S51007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PATRICK S. BRODERICK | |
| Appellant | No. 994 EDA 2017 |

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003888-2007

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 21, 2017**

Patrick S. Broderick appeals from the January 30, 2017 order denying his fourth petition for PCRA relief as untimely.  We affirm.[1]

Appellant was convicted at a non-jury trial of involuntary deviate sexual intercourse ("IDSI"), criminal conspiracy to commit IDSI, and burglary, and was sentenced, in the aggregate, to six to twelve years

---

[1] This Court *sua sponte* raised the timeliness of the within appeal. Appellant's notice of appeal was docketed on March 21, 2017, twenty days past the expiration of the thirty-day appeal period.  However, the notice was dated February 10, 2017 and post-marked February 17, 2017.  The PCRA court attributed its late filing to a clerical error in the Office of Judicial Support, and found the notice of appeal to be timely filed.  Since the record supports that finding, we will entertain the appeal as timely filed.

* Former Justice specially assigned to the Superior Court.

imprisonment followed by five years of probation.  We summarized the facts giving rise to his convictions when we affirmed judgment of sentence:

> At dawn on April 15, 2007, Appellant and a mutual friend Bradly Repko, entered [the victim's] house without [the victim's] consent, attacked him while he was asleep in bed, and rammed a toilet plunger deep into his rectum.  The victim, who had an ongoing relationship with Appellant's daughter, positively identified Appellant and Repko as his assailants.

*Commonwealth v. Broderick*, 981 A.2d 912 (Pa.Super. July 9, 2009) (unpublished memorandum).

Appellant filed a timely PCRA petition and counsel was appointed. Counsel subsequently filed a petition to withdraw and *Turner/Finley* no-merit letter.[2]  Counsel was granted permission to withdraw and relief was denied.  This Court affirmed on October 26, 2011, and the Supreme Court denied allowance of appeal.  *Commonwealth v. Broderick*, 54 A.3d 346 (Pa. 2012).  On March 27, 2015, Appellant filed a petition for writ of *habeas corpus*, which was treated as a second PCRA petition, and dismissed as untimely.  We affirmed.  *Commonwealth v. Broderick*, 134 A.3d 493 (Pa.Super. 2015) (unpublished memorandum).  Appellant filed a third PCRA petition on February 22, 2016, purportedly pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  The PCRA court dismissed the petition as

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley,* 550 A.2d 213 (Pa.Super. 1988) (en banc). untimely

untimely, and this Court affirmed on appeal. ***Commonwealth v. Broderick***, 158 A.3d 183 (Pa.Super. 2016) (unpublished memorandum).

In this, his fourth PCRA petition, Appellant alleged that he was entitled to relief from his illegal sentence under ***Alleyne*** and ***Commonwealth v. Ciccone***, 2016 PA Super 149 (Pa.Super. 2016) (opinion withdrawn). The PCRA court issued notice of its intent to dismiss the petition as untimely, and subsequently dismissed the petition on January 30, 2017. Appellant filed the instant appeal.

The PCRA court issued its Pa.R.A.P. 1925(a) opinion concluding that the petition was untimely, and that ***Alleyne****,* even if it could be applied retroactively, did not render the petition timely as his sentence did not involve a mandatory minimum implicated by ***Alleyne***. ***See Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016) (holding ***Alleyne*** does not apply retroactively to cases on collateral review). Furthermore, the PCRA court relied upon well-established authority that, "[a]lthough the legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

On appeal, Appellant acknowledges that his PCRA petition is facially untimely. However, he relies upon ***Alleyne*** and ***Commonwealth v.***

*Vasquez*, 744 A.2d 1280 (Pa. 2000), in support of his contention that the PCRA time constraints do not bar an illegal sentencing claim.

In reviewing an order denying PCRA relief, we must determine whether the PCRA court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Harris*, 114 A.3d 1 (Pa.Super. 2015). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petitioner pleads and proves that an exception to the time-bar under 42 Pa.C.S. § 1945(b)(1)(i-iii). Even then, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." 42 Pa.C.S. § 1945(b)(2).

Appellant's judgment of sentence became final on or about August 9, 2009, thirty days after this Court affirmed judgment of sentence, when he did not allowance of appeal from the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court ... sought to be reviewed"). Thus, the instant petition, filed more than seven years later, is facially untimely. Notably, Appellant has abandoned his reliance upon *Ciccone* for the proposition that *Alleyne* retroactively applies and renders this petition

timely. Instead, he argues that under ***Vasquez***, illegal sentencing claims are non-waivable and not subject to the PCRA's time-bar.[3]

Appellant raises this argument for the first time on appeal, and thus it is waived. ***Commonwealth v. Burton***, 936 A.2d 521 (Pa.Super. 2007); Pa.R.A.P. 302(a). Absent waiver, Appellant's reliance upon ***Vasquez*** is misplaced. A challenge to the legality of sentence must be presented in a timely PCRA petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super. 2013). Furthermore, we reiterate that our High Court has held that ***Alleyne*** does not apply retroactively to cases pending on collateral review. ***See Washington***, ***supra***.

For these reasons, the PCRA court correctly concluded that it lacked jurisdiction to address Appellant's petition, and dismissed it as untimely filed.

Order affirmed.

---

[3] We note that Appellant was not sentenced to a mandatory minimum sentence implicated by the United States Supreme Court's decision in ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013), and further, his sentence did not exceed the statutory maximum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/21/2017</u>