J-S59008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE COOMBS, | |
| Appellant | No. 1102 EDA 2017 |

Appeal from the PCRA Order Entered March 3, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0303291-2000
CP-51-CR-0515341-2000

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED NOVEMBER 07, 2017**

Appellant, Wayne Coombs, appeals *pro se* from the post-conviction court's March 3, 2017 order denying, as untimely, his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's conviction are unnecessary to our disposition of his appeal.  We only note that on November 30, 2001, a jury convicted him of nine counts of robbery and three counts of possessing an instrument of crime.  On February 3, 2002, Appellant was sentenced to an aggregate term of 59 to 160 years' incarceration.  On appeal, this Court

_____

[*] Former Justice specially assigned to the Superior Court.

affirmed and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Coombs*, 832 A.2d 534 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 841 A.2d 528 (Pa. 2003).

Over the ensuing years, Appellant filed two consecutive PCRA petitions, both of which were denied by the PCRA court. He did not file appeals from those orders. On October 7, 2016, Appellant filed a third, *pro se* PCRA petition, which underlies the present appeal. Therein, he contended that a mandatory minimum sentence imposed in his case is illegal under *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).[1] On January 20, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response, and on March 3, 2017, the court filed an order and opinion dismissing his petition as being untimely filed.

---

[1] It is unclear what specific mandatory minimum sentencing provision Appellant claims to have been sentenced under. Our review of the record also does not indicate what, if any, mandatory minimum sentence was imposed in his case. However, even accepting that a mandatory minimum term was imposed upon Appellant under a statute now deemed unconstitutional under *Alleyne*, he is still not entitled to relief for the reasons stated *infra*.

Appellant filed a timely, *pro se* notice of appeal with this Court. It does not appear that the PCRA court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents three issues for our review:

A. Does not the decision of the Pennsylvania Supreme Court in **Commonwealth v. Vasquez**, 744 A.2d 1280, 1284 (Pa. 2000), which held that non-compliance with Pa.R.Crim.[P.]…, 42 Pa.C.S.[] § 1410 and, 42 Pa.C.S.[] § 5505 creates no bar to reviewing the application by the trial court of 42 Pa.C.S. § 9714?

…

B. Does not the recent decision of the United States Supreme Court in **Alleyne** …, and its progeny, **Commonwealth v. Newman**, 99 A.3d 86 ([Pa. Super.] 2014) [(*en banc*)], including **Commonwealth v. Watley**[,] 81 A.3d 108, 117 (Pa. Super. 2013), **Commonwealth v. Valentine**, … [101 A.3d 801 (Pa. Super. 2014),] **Commonwealth v. [Hopkins]**, 117 A.3d 247 (Pa. 2015), and **Commonwealth v. Wolfe**, 121 A.3d 433 (Pa. 2016), constitute illegal sentencing claims that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt?

…

C. Does not the PCRA [c]ourt's [a]nswer fail to address [Appellant's] illegal sentencing claims that non-compliance with Pa.R.Crim.[P] … create[s] no bar to reviewing the application by the trial court in any meaningful way for it also fails to even mention the applicability of 42 Pa.C.S. § 9542 action established in 42 Pa.C.S. pt. VIII, ch. 95, subch. B shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when subch. B takes effect, before denying the PCRA motion as without merit and untimely filed?

Appellant's Brief at 2-3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

States or the Supreme Court of Pennsylvania after
the time period provided in this section and has been
held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 10, 2004, ninety days after our Supreme Court denied his petition for allowance of appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, his present petition - filed on October 7, 2016 - is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not clearly state what timeliness exception he is attempting to meet; instead, he seems to consider his petition as being *timely* filed. *See* Appellant's Brief at 8 (stating that he is "entitled to have his illegal sentence vacated via a *timely* PCRA petition pursuant to 42 Pa.[C.S.] § 9542") (emphasis added); *see also id.* at 14 (stating that "the

- 5 -

PCRA statute by its own terms provides relief from any illegal sentence if such claim is raised in a ***timely*** PCRA petition") (emphasis added). Appellant then argues that a mandatory minimum sentence imposed in his case is illegal under ***Alleyne***, and that he is entitled to relief under the principles set forth in ***Vasquez***,[2] and pursuant to the plain language of 42 Pa.C.S. § 9542 (stating that the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's arguments are unconvincing, as his PCRA petition is patently untimely. ***Vasquez*** involved an illegal sentencing claim raised on direct appeal; thus, it is inapplicable to Appellant's case. Moreover, although section 9542 establishes that claims challenging the legality of sentence are always subject to review within the PCRA, it is well-settled that the petitioner must first satisfy the PCRA's time limits. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Here, Appellant makes no attempt to explain what timeliness exception he meets. While he discusses why his sentence is illegal under ***Alleyne***, he cannot rely on that decision to satisfy the timeliness exception of section 9545(b)(1)(iii), as our Supreme Court has

---

[2] In ***Vasquez***, our Supreme Court stated, in pertinent part that, "[c]laims concerning the illegality of the sentence are not waivable[,]" and that "[t]rial courts never relinquish their jurisdiction to correct an illegal sentence." ***Vasquez***, 744 A.2d at 1284 (citations omitted).

held that ***Alleyne*** does not apply retroactively. ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016). Additionally, none of the cases issued by the courts of this Commonwealth in the wake of ***Alleyne*** created a 'new constitutional right' so as to satisfy section 9545(b)(1)(iii); instead, those decisions simply applied the rule announced in ***Alleyne*** to strike down various mandatory minimum sentencing statutes.

Consequently, Appellant is not entitled to relief for his illegal sentencing claim, as he has failed to demonstrate the applicability of any PCRA timeliness exception. Thus, the PCRA court did not err in denying his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017