J-S57005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LONNIE DAY, JR. | |
| Appellant | No. 32 EDA 2017 |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1223441-1981

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.              **FILED SEPTEMBER 26, 2017**

Appellant, Lonnie Day, Jr., is a serial filer of PCRA petitions. This *pro se* appeal is from the order dismissing as untimely his *fifth* petition. We affirm.

The relevant facts and procedural history of this case are as follows. Following a jury trial, Appellant was convicted of second-degree murder, criminal conspiracy, and possession of an instrument of crime. On July 27, 1983, Appellant was sentenced to life imprisonment. This Court affirmed his judgment of sentence on August 6, 1985. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Appellant filed his first PCRA petition on July 24, 1986. The PCRA court subsequently denied Appellant's petition, and this Court affirmed. Appellant filed several subsequent PCRA petitions, all of which were denied as untimely.

Appellant filed the instant petition on February 11, 2016, challenging his conviction under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The Commonwealth filed a motion to dismiss. The PCRA court issued Rule 907 notice, and Appellant filed a response. Nevertheless, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal to this Court.

Prior to reaching the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on September 5, 1985, when his time for seeking a petition for allowance of appeal with the Pennsylvania Supreme Court expired. His *fifth* PCRA petition, filed over thirty years later on February 11, 2016, is patently untimely. Thus,

the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See* *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007). *See also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant has failed to successfully plead any of the exceptions to the PCRA's time-bar. Appellant attempts to plead in his PCRA petition an exception to the PCRA time bar under 42 Pa.C.S.A. § 9545(b)(1)(iii); *i.e.*, a newly announced constitutional right. There, Appellant claims the United States Supreme Court's holding in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), requires *Alleyne* be applied retroactively to all cases on collateral review.

There are two major problems with this assertion. First, "*Alleyne* does not apply retroactively to cases pending on collateral review…." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Additionally, *Montgomery*'s holding is specifically limited to juvenile

offenders. **See Montgomery**, 136 S.Ct. at 736. As Appellant was not a juvenile at the time of his crime, this case is wholly inapplicable to him.

Second, Appellant entirely abandons his **Montgomery** argument on appeal. Instead, Appellant uses his brief to repeatedly cite to **Commonwealth v. Vasquez**, 744 A.2d 1280 (Pa. 2000), for the proposition that a challenge to the legality of the sentence is not subject to the PCRA's time-bar. Appellant is confused. **Vasquez** concerned a *direct* appeal. **See id**., at 1281 ("In this direct appeal…"). This case is on *collateral* review.

In any event, even if Appellant had raised this argument in his PCRA petition, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). Put another way, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Id**. (citation omitted; brackets in original). Here, there would be no basis for our jurisdiction to review this claim.

We find the PCRA court properly dismissed Appellant's petition as untimely, and we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/26/2017*