J-S06030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT BAKER | : | |
| | : | |
| Appellant | : | No. 1108 EDA 2017 |
| | : | |

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0311241-2001

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 23, 2018**

Appellant Robert Baker appeals *pro se* from the order of the PCRA court dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We affirm on the basis of the PCRA court's opinion.

In 2001, following a jury trial, Baker was found guilty of the third-degree murder of Tyrone Leanier, violating the uniform firearms act, and possessing an instrument of crime.[1] Baker was sentenced to serve an aggregate of 18½ to 37 years' imprisonment. We affirmed Baker's judgment of sentence on January 31, 2008, and the Pennsylvania Supreme Court denied review. ***See***

_____

[1] Baker was convicted of violating 18 Pa.C.S.A. §§ 2502(c), 6106, and 907, respectively.

***Commonwealth v. Baker***, 947 A.2d 821 (Pa.Super.) (unpublished memorandum), *appeal denied*, 958 A.2d 1046 (Pa. 2008).[2]

Baker filed a first PCRA petition in 2011, which was dismissed by the PCRA court. We affirmed the dismissal and the Pennsylvania Supreme Court denied review in 2013. ***See Commonwealth v. Baker***, 64 A.3d 274 (Pa. Super.) (unpublished memorandum), *appeal denied*, 72 A.3d 599 (Pa. 2013). Baker filed a second PCRA petition in 2014, and several amended petitions thereafter; these were dismissed by the PCRA court on October 5, 2016. ***See*** PCRA Court Opinion, filed May 30, 2017, at 2.

Baker filed the instant PCRA petition on October 27, 2016.[3] The PCRA court issued a Rule 907 notice of its intention to dismiss the petition as untimely, and Baker responded on February 7, 2017. ***See*** Pa.R.Crim.P. 907. The PCRA court dismissed the petition on March 13, 2017.

Baker raises the following issues, which we have rephrased for brevity and clarity:

---

[2] Baker first appealed his judgment of sentence in 2002; however, we affirmed based on Baker's failure to file a Pa.R.A.P. 1925(b) statement. ***See Commonwealth v. Baker***, 872 A.2d 1267 (Pa.Super. 2005) (unpublished memorandum). Baker thereafter filed a PCRA petition and the PCRA court reinstated Baker's direct appeal rights *nunc pro tunc*.

[3] We note that although Baker filed the instant petition during the period in which he could have appealed the dismissal of his second and amended petitions, Baker did not appeal those petitions, the PCRA court therefore had jurisdiction to consider Baker's third petition. ***See Commonwealth v. Zeigler***, 148 A.3d 849, 852-53 (Pa.Super. 2016).

> A. Does ***Commonwealth v. Vasquez***, 744 A.2d 1280 (Pa. 2000), establish an exception to the time constraints under the PCRA, and allow a PCRA court to review an illegal sentencing claim in an otherwise untimely PCRA petition?
>
> B. Are sentences that fail to comply with ***Alleyne v. United States***, 570 U.S. 99 (2013), and its progeny, illegal from their inception, despite pre-dating ***Alleyne***?
>
> C. Did the PCRA court fail to respond to Baker's argument that the PCRA is the sole means of obtaining collateral relief on an illegal sentencing claim before denying Baker's petition as untimely?

***See*** Baker's Brief at 1-3.

In his brief, Baker complains that he was sentenced under 42 Pa.C.S.A. § 9712,[4] a statute which is unconstitutional pursuant to ***Alleyne***,[5] and that his illegal sentence is subject to correction under the PCRA. Most of Baker's brief is taken word-for-word from President Judge Emeritus Bender's dissenting opinion in ***Commonwealth v. Ciccone***, 152 A.3d 1004, 1010 (Pa.Super. 2016) (P.J.E. Bender, dissenting), *appeal denied*, 169 A.3d 564 (Pa. 2017). ***See*** Baker's Br. at 8-14.

The trial court explained in its Rule 1925(a) opinion that it found Baker's petition to be untimely because a PCRA petition must be filed within one year

---

[4] Section 9712 of the Sentencing Code provided that any person convicted of a crime of violence who committed the crime while in visible possession of a firearm and who placed the victim in reasonable fear of death or seriously bodily injury during the commission of the crime be sentenced to a mandatory minimum of five years' incarceration. ***See*** 42 Pa.C.S.A. § 9712(a).

[5] "***Alleyne*** held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." ***Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. 2016) (citation omitted).

of the date on which the judgment of sentence becomes final, or plead and prove that at least one of three exceptions to the one-year time limit applies. **See** PCRA Ct. Op. at 2 (citing 42 Pa.C.S.A. § 9545(b)(1)). Baker filed his petition more than one year after his judgment of sentence became final, and he pleaded the timeliness exception that allows for the filing of a petition within 60 days of the recognition, by a United States or Pennsylvania Supreme Court decision, of a constitutional right that applies retroactively. **Id.** at 3 (citing 42 Pa.C.S.A. § 9545(b)(1)(iii)). Specifically, Baker claimed his petition was timely based on **Alleyne**'s recognition of a constitutional right that, according to Baker, was held to be retroactive in **Commonwealth v. Ciccone**, 2016 Pa.Super. 149, No. 3114 EDA 2014 (Pa.Super. July 12, 2016) (*en banc*) (withdrawn). PCRA Ct. Op. at 3.

The PCRA court noted that although an earlier version of **Ciccone** held that **Alleyne** applied retroactively, that version of **Ciccone** was withdrawn following the Pennsylvania Supreme Court's decision in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) ("We hold that **Alleyne** does not apply retroactively to cases pending on collateral review . . ."). The PCRA court observed that we then issued a superseding decision in **Ciccone** holding, consistently with **Washington**, that **Alleyne** does not apply retroactively to cases pending on PCRA review. PCRA Ct. Op. at 3 (citing **Commonwealth v. Ciccone**, 152 A.3d 1004 (Pa.Super. 2016) (*en banc*), *appeal denied*, 169 A.3d 564 (Pa. 2017)).

The PCRA court also rejected Baker's argument that ***Commonwealth v. Vasquez***, 744 A.2d 1280 (Pa. 2000), created an additional exception to the PCRA's time limits. The court explained that unlike Baker's petition for collateral review, ***Vasquez*** was a direct appeal of a sentence that was illegal at its inception, and does not except Baker's petition from the PCRA's timeliness requirements. PCRA Ct. Op. at 4 (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto")).

"[I]n reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Grove***, 170 A.3d 1127, 1136 (Pa.Super. 2017).

After a review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Tracy Brandeis-Roman, we conclude that Baker is due no relief as his petition is untimely under the PCRA. Thus, we affirm on the basis of the PCRA court's opinion, which we adopt and incorporate herein. ***See*** PCRA Ct. Op. at 1-4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/18

**COURT OF COMMON PLEAS OF PHILADLEPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | |
| | CP-51-CR-0311241-2001 Comm v Baker, Robert Opinion |
| **v.** | |
| | 7952951241 |
| **ROBERT BAKER** | **CP-51-CR-0311241-2001** **1108 EDA 2017** |

**OPINION**

**TRACY BRANDEIS-ROMAN, J.**                                   **Date: May 30, 2017**

This appeal comes before the Superior Court following the dismissal of a Post-Conviction Relief Act ("PCRA")[1] petition filed on October 27, 2016. On March 13, 2017, the lower court dismissed the PCRA petition and supplemental filings for the reasons set forth below.

## I. PROCEDURAL HISTORY

On November 1, 2001, following a jury trial before the Honorable Willis W. Berry, Jr., Petitioner was found guilty of third degree murder, Violation of the Uniform Firearms Act ("VUFA"), and possession of an instrument of crime. Petitioner was sentenced on March 26, 2002, to an aggregate sentence of 18 ½ to 37 years. The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on January 18, 2005. Petitioner filed a timely PCRA petition and *nunc pro tunc* relief was granted on November 16, 2005. After appealing to the Pennsylvania Superior Court, Petitioner's judgment of sentence was affirmed on January 31, 2008.[2] The Pennsylvania Supreme Court denied *allocatur* on September 30, 2008.[3]

On March 27, 2009, Petitioner filed his first *pro se* PCRA petition. On August 1, 2011, the petition was formally dismissed. The Pennsylvania Superior Court affirmed the PCRA court's dismissal on September 12, 2013, followed by the Pennsylvania Supreme Court's denial of *allocatur*

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Baker*, 947 A.2d 821 (Pa. Super. 2008) (unpublished memorandum).
[3] *Commonwealth v. Baker*, 958 A.2d 1046 (Pa. 2008) (table).

1

on July 31, 2013.[4] Petitioner filed a second petition on November 13, 2014, followed by several amended petitions. All were subsequently dismissed on October 5, 2016.

Thereafter, the instant petition was filed on October 27, 2016. Pursuant to Pa.R.Crim.P. 907, this court sent a notice of intent to dismiss the petition as untimely without exception on January 19, 2017. In response to this court's 907 notice, Petitioner filed another petition on February 7, 2017. This court formally dismissed the petition on March 13, 2017.[5] Petitioner timely filed a notice of appeal to the Pennsylvania Superior Court on March 23, 2017.

## II. DISCUSSION

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. §9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on or about November 30, 2008, ninety (90) days after the Pennsylvania Supreme Court denied *allocatur* and the time period for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.*; U.S. Sup. Ct. R. 13, (allowing 90 days to file petition for writ of *certiorari* (effective June 30, 1980). Petitioner's *pro se* petition, filed on October 27, 2016 was therefore untimely by approximately seven (7) years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

---

[4] *Commonwealth v. Baker*, 64 A.3d 274 (Pa. Super. 2013) (table), *appeal denied,* 72 A.3d 599 (Pa. 2013) (table).
[5] The order was issued more than twenty (20) days after Petitioner was served with notice of the forthcoming dismissal of his Post-Conviction Relief Act petition. Pa.R.Crim.P. 907.

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. *Id.* § 9545(b)(1). To invoke an exception, a petition must allege and Petitioner must prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

Petitioner attempted to satisfy the newly recognized constitutional rights exception by citing the United States Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and the Pennsylvania Superior Court decision in *Commonwealth v. Ciccone*, 152 A.3d 1004 (Pa. Super. 2016).

Petitioner argued that pursuant to the decision in *Ciccone*, his sentence was illegal and must be vacated. The court in *Ciccone* held that the *Alleyne* decision may not be applied retroactively to collateral relief.[6] In *Alleyne*, the United State Supreme Court determined that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."[7] While the United States Supreme Court was silent as to the retroactivity of *Alleyne*, the Pennsylvania Supreme Court consistently held that the *Alleyne* decision did not apply retroactively to collateral attacks. More recently, the Pennsylvania Supreme Court stated

---

[6] At the time of Petitioner's filing, *Ciccone* held that *Alleyne* was retroactive in timely PCRA petitions, however that decision was withdrawn in light of the court's decision in *Washington*. Even if *Ciccone* had not been overruled, Petitioner is still not eligible for relief as his petition was untimely.

[7] *Alleyne*, 133 S. Ct. at 2158.

3

unequivocally "we hold that *Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Thus, Petitioner failed to successfully invoke the newly recognized rights exception to timeliness.

In his February 2017 response to the 907 notice, Petitioner asserted that this court had jurisdiction because illegal sentences were non-waivable, as per the decision in the Pennsylvania Supreme Court case *Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000). *Vasquez* was a direct appeal of a sentence that was illegal at its inception. Our Supreme Court held that illegal sentences were never waivable and trial courts never relinquish their jurisdiction where the initial sentence was illegal. *Id.* at 24. It is settled law that while illegal sentence are non-waivable, they are still subject to and must satisfy the PCRA timeliness provision. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Petitioner's petition was neither timely nor did it successfully invoke an exception to the timeliness bar. Furthermore, the holding in *Vasquez* was distinguished from the case at hand. While the Appellant's sentence in *Vasquez* was illegal at the time of his sentencing, Petitioner's sentence relied on the United States Supreme Court precedent that the statute was constitutional at the time of its inception. *Ciccone,* 152 A.3d at 1010. Therefore, Petitioner was not eligible for relief.

## III. CONCLUSION

This court has evaluated Petitioner's untimely filings and determined them to be without exception. Petitioner failed to satisfy his burden of establishing an exception to the PCRA's statutory time bar. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition should be affirmed.

BY THE COURT:

_____
**TRACY BRANDEIS-ROMAN, J.**

4