J-S04021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERRIEL L. PICKEL | : | |
| | : | |
| Appellant | : | No. 955 MDA 2017 |

Appeal from the Judgment of Sentence March 29, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005246-2016

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                **FILED MAY 08, 2018**

Appellant, Gerriel L. Pickel, appeals from the March 29, 2017 Judgment of Sentence entered in the York County Court of Common Pleas following a non-jury trial.  The trial court convicted Appellant of Driving Under the Influence of Alcohol or Controlled Substance ("DUI") and Driving While Operating Privilege is Suspended or Revoked ("DWS"),[1] and sentenced Appellant to a term of six months' probation and a fine of $300 for DUI and $500 for DWS.  Because the $500 fine imposed for DWS constitutes an illegal sentence, we vacate and remand.

The factual history is not relevant to our disposition.  Following sentencing, on April 9, 2017, Appellant filed a Motion for Reconsideration of

---

[1] 75 Pa.C.S. §3802(a)(1) and 75 Pa.C.S. § 1543(a), respectively.

Sentence, which the trial court denied. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review:

Whether [Appellant]'s $500 fine for [DWS] should be corrected where a $200 fine is mandated by statute and the $500 fine is unauthorized, the trial court clearly intended to impose a $200 fine, and the trial court has now requested remand for correction of the fine.

Appellant's Brief at 4.

Issues relating to the legality of a sentence are questions of law; our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014). It is well established that "if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Id.*** (quotation and citation omitted).

Instantly, Appellant asserts that the trial court erroneously imposed an illegal $500 fine for DWS, instead of the $200 fine that was mandated by statute and discussed in court; the trial court and the Commonwealth agree. ***See*** Appellant's Brief at 9-11; Trial Court Opinion, dated 10/19/2017, at 7-8; Commonwealth's Letter Brief at 1-2. The trial court, Appellant, and the Commonwealth all request a remand of this case to correct the error. ***Id.***

Section 1543 of the Motor Vehicle Act provides, in pertinent part:

. . . [A]ny person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of

a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a). Our Supreme Court has held that "[o]nce a trial court has determined that the Commonwealth has established the requirements of a legislatively mandated sentence, the trial court has no discretion to deviate its sentence from that which is defined by statute." ***Commonwealth v. Vasquez***, 744 A.2d 1280, 1282 (Pa. 2000) (citations omitted). Moreover, when a trial court imposes a sentence that is outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and this Court should remand for correction. ***Id.*** at 1284.

Upon convicting Appellant of DWS, the trial court was legislatively mandated to impose a fine of $200. Instead, the trial court stated on the record that it was going to impose a $200 fine for DWS, but then entered a Sentence Order that imposed a $500 fine. ***See*** N.T. Verdict, 3/29/17, at 3; Sentence Order dated 3/29/17. The trial court explained that "a seemingly clerical error" resulted in the fine being incorrectly transcribed, acknowledged that the fine was illegal, and requested that this Court remand the case for correction. Trial Court Opinion, dated 10/19/17, at 7-8.

Accordingly, we conclude that the $500 fine imposed for DWS constitutes an illegal sentence and vacate that fine. We remand for the trial court to impose a $200 fine for DWS pursuant to 75 Pa.C.S.A. § 1543(a).

Judgment of Sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018