J-S03029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMIR CARTAIR | : | |
| | : | |
| Appellant | : | No. 2710 EDA 2017 |

Appeal from the PCRA Order July 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0132621-1994

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 29, 2018**

Amir Cartair appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. He argues the PCRA court had jurisdiction to entertain his petition as he is serving a sentence that was later rendered illegal in ***Alleyne v. United States***, 570 U.S. 99 (2013). There, the Supreme Court of the United States held that sentencing factors used to support the imposition of a mandatory minimum sentence must be submitted to a jury for trial or admitted to by the defendant. We affirm.

Cartair was sentenced to life in prison without possibility of parole after a jury convicted him of, among other crimes, first-degree murder. This Court affirmed his judgment of sentence, and the Supreme Court of Pennsylvania

_____

[*] Former Justice specially assigned to the Superior Court.

denied his appeal on November 14, 1996. Cartair did not appeal to the Supreme Court of the United States.

Cartair filed a *pro se* PCRA petition[1] on August 22, 2012. In this petition, he raised a claim that he was entitled to re-sentencing under **Miller v. Alabama**, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional). He subsequently filed supplemental *pro se* petitions in 2016, raising a claim that his sentence was illegal under **Alleyne**.

The PCRA court appointed counsel to assist Cartair, but counsel ultimately found no merit to Cartair's claims. The PCRA court granted counsel permission to withdraw and dismissed Cartair's petition as untimely. This appeal followed.

On appeal, Cartair has abandoned his **Miller** argument. He further concedes his petition is facially untimely. **See** Appellant's Brief, at 10. He focuses on his claim that an illegal sentence is an exception to the PCRA's timeliness requirements.

_____

[1] The trial court docket has a large gap from 1996 to 2009. It is unclear whether this is due to any loss of documents when records were transferred to digital format, or if it is merely an accurate record. Cartair apparently believes this appeal lies from his second PCRA petition, although it is unclear whether he believes his 2012 petition to be his first. In any event, the PCRA court appointed counsel to represent Cartair in this proceeding, and we need not determine whether this constitutes Cartair's first PCRA petition.

Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time-bar in order to establish jurisdiction under the PCRA. *See id*.

Cartair concedes that "*Alleyne* does not apply retroactively to cases pending on collateral review…." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Rather, he argues the PCRA itself provides that illegal sentences are not subject to the time bar, highlighting the first sentence of 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which … persons serving illegal sentences may obtain collateral relief.")

He combines his interpretation of § 9542 with his interpretation of *Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000). He argues that under *Vasquez*, an illegal sentence may always be corrected.

However, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). Put another way, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely

PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Id***. (citation omitted; brackets in original).

Furthermore, Cartair is mistaken in his reading of ***Vasquez***. There, the court had jurisdiction to review the issue, as it was entertaining the defendant's direct appeal. ***See Vasquez***, at 1281 ("In this direct appeal…"). The opinion therefore does not address the issue of jurisdiction on collateral review.

We conclude the PCRA court did not err in finding Cartair's petition untimely. We therefore affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/18