IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorothy Rivera, an Individual, Eddy : 
Omar Rivera, an Individual, Kathleen : 
O'Connor, an Individual, Rosemarie : 
O'Connor, an Individual, Thomas : 
O'Connor, an Individual, and Steven : 
Camburn, an Individual, : 
                 Appellants : 
                 : 
        v. : No. 722 C.D. 2019
                 : ARGUED: December 10, 2019
Borough of Pottstown, and Keith A. : 
Place, in his official capacity as : 
Pottstown Director of Licensing : 
and Inspections :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: January 6, 2020

Dorothy Rivera, Eddy Omar Rivera, Kathleen O'Connor, and Rosemarie O'Connor, along with their landlords, Thomas O'Connor and Steven Camburn (collectively, Tenants),[1] appeal from an order entered May 10, 2019 in the Court of Common Pleas of Montgomery County (trial court) granting judgment on the pleadings in favor of the Borough of Pottstown (Borough) and Keith A. Place, Pottstown Director of Licensing and Inspections (Place). Tenants also appeal from

---

[1] Thomas O'Connor and Steven Camburn, the owners of the rental properties at issue, assert no claims separate from those of their respective tenants. Accordingly, for ease of reference, the term "Tenants" also includes the owners where indicated by the context.

the trial court's discovery orders entered April 3, 2018, February 5, 2019, and May 3, 2019. After thorough review, we vacate all four orders and remand for further proceedings.

## I. Background

## A. Constitutional Issues

The Borough's Code of Ordinances includes provisions governing rental properties. The purpose of those provisions is "to encourage owners and occupants to maintain and improve the quality of rental housing" in the Borough. Borough of Pottstown, Pa., Code of Ordinances § 11-201(1) (2002).[2]

In June 2015, the Borough enacted a number of housing ordinance amendments. At issue here, the amendments included provisions requiring each owner of rental property to permit inspections of all rental units every two years.[3] *Id.*, § 11-206(1) (2015). If voluntary access for an inspection is denied, the ordinance allows the Borough to apply for an administrative warrant. *Id.*, § 203(1)(I)(3) (2015). The record does not disclose what criteria, if any, the Borough must satisfy in order to obtain such a warrant.

Tenants refused voluntary access to their rental units by Borough inspectors. The Borough applied for and obtained administrative warrants, which Tenants unsuccessfully opposed. Tenants then filed a civil complaint in the trial court, seeking to enjoin enforcement of the inspection requirement. No inspections have yet been conducted of Tenants' rental units, apparently pending the outcome of this litigation.

---

[2] *See* https://ecode360.com/28387978 (last visited December 23, 2019).

[3] No party has addressed the mechanism, if any, by which this provision, which facially applies only to *owners*, is legally enforceable against *tenants*.

Tenants argue the ordinance provisions for unwanted inspections, both facially and as applied, violate their rights of privacy and freedom from unreasonable searches under Article I, Section 8 of the Pennsylvania Constitution. *See* PA. CONST. art. I, § 8. They assert the use of administrative warrants is unconstitutional because such warrants are issued without requiring any individualized probable cause to believe any building code violation exists. Tenants also point out that each inspector is instructed to share with police any observation of an item in a rental unit that the inspector, in his total discretion, considers an indicator of criminal activity, Reproduced Record at 804a-09a, 814a, thus allowing police to obtain information about the contents of a dwelling without the need to obtain a search warrant based on individualized probable cause. Tenants further contend the ordinance fails to impose reasonable limits on the inspections, allowing unfettered access to private information such as Tenants' religious beliefs and medical information, *see id.* at 456a, 467a, again in the total discretion of each inspector. *See id.* at 812a-13a, 846a-47a, 861a (regarding inspectors' broad discretion). Tenants argue the Pennsylvania Constitution provides more extensive protection than the United States Constitution concerning individual rights of privacy and freedom from unreasonable searches.

In June 2018, the Borough and Place filed a motion for judgment on the pleadings. They argued the inspection provisions of the housing ordinance were not facially unconstitutional, and Tenants' as-applied challenge was not ripe. Place also asserted he was not a proper party to the action.

In response, Tenants contended the extent of the protection provided by Article I, Section 8 of the Pennsylvania Constitution in relation to rental unit inspections was an issue of first impression. As such, they argued the issue required the development of a full record before judicial disposition.

3

## B. Discovery Issues

While the motion for judgment on the pleadings was pending, the parties engaged in discovery. The Borough and Place resisted much of the discovery requested by Tenants, and both sides filed discovery motions. In the discovery orders which are before this Court on appeal,[4] the trial court limited the scope of discovery available to Tenants.

In its April 3, 2018 order, the trial court denied a motion by Tenants to compel discovery of information relating to any landlords, tenants, or other citizens not parties to this action. Citing *Berwick Area Landlord Association v. Borough of Berwick*, 48 A.3d 524 (Pa. Cmwlth. 2012), the trial court reasoned that because no inspections have yet been conducted of Tenants' rental units, they could not assert an as-applied constitutional challenge to the Borough's housing ordinance. Thus, the trial court apparently concluded information about non-parties was irrelevant.

In its February 5, 2019 order, the trial court granted Tenants' motion to compel the Borough to produce a corporate designee (who turned out to be Place) for a deposition concerning the Borough's policy in enforcing the housing ordinance. However, the trial court denied, without prejudice, Tenants' motion to compel document production.

In its May 3, 2019 order, the trial court granted in part the Borough's and Place's motion for a protective order. The order forestalled Tenants' proposed depositions of all four of the Borough's rental unit inspectors concerning their individual exercise of discretion concerning the scope of inspections. The trial court instead directed the Borough and Place to produce just one inspector (who again

---

[4] Tenants also filed an additional motion to compel discovery on which the trial court did not rule. After the trial court granted judgment on the pleadings in favor of the Borough and Place, Tenants withdrew that pending discovery motion without prejudice.

4

turned out to be Place) to answer questions concerning the Borough's policy in enforcing the housing ordinance.

## C. Trial Court Disposition

On May 10, 2019, the trial court entered an order granting judgment on the pleadings in favor of the Borough and Place. The trial court issued its order without an accompanying opinion. The trial court's order did not state a conclusion of whether Place was a proper party.

Tenants filed a notice of appeal, and the trial court issued an order directing them to file a concise statement of errors complained of on appeal (Concise Statement). The trial court then issued a short opinion, setting forth the factual and procedural history, and stating simply: "After the trial court reviewed [Tenants'] Concise Statement, the trial court concedes that the claim should not have been dismissed on the pleadings as [Tenants] present a novel constitutional claim." Br. for Appellants, App. E, at 4. Without further analysis, the trial court requested that this Court relinquish jurisdiction and remand the matter. The trial court again made no finding concerning the propriety of Place's status as a party.

## II. Issues on Appeal[5]

Tenants' overarching issue on appeal is their contention that the trial court erred in rejecting, at the pleading stage, their facial and as-applied constitutional challenges to the Borough's inspection ordinance. Tenants argue the trial court should have allowed them to develop a complete factual record in order to permit a full and fair analysis of the constitutional issues before rendering a decision. In a related argument, Tenants assert the trial court erred by precluding relevant

---

[5] On appeal of a trial court's order granting judgment on the pleadings, our review requires a determination of whether, based on the facts averred in the complaint, the law makes recovery impossible. *Yanakos v. UPMC*, 218 A.3d 1214 (Pa. 2019).

5

discovery that would have aided in the development of a complete record. In response, the Borough and Place argue there are no factual issues, because a facial constitutional challenge raises a pure question of law and Tenants' as-applied challenge is not ripe. Further, the Borough and Place deny that the constitutional issues raised by Tenants are novel. They contend the trial court properly granted judgment on the pleadings in their favor because the rental unit inspection provisions of the Borough's housing ordinance do not violate the Pennsylvania Constitution.

Place also argues Tenants have waived any argument concerning his dismissal as a party, because Tenants did not address that issue in their principal brief on appeal. In their reply brief, Tenants assert that nothing in the trial court's opinion indicated the trial court made any finding on the issue of Place's party status. Therefore, Tenants contend there was no reason to brief that issue on appeal until the Borough and Place raised it in their brief.

### III. Discussion

### A. Remand Request

Pennsylvania appellate courts commonly honor remand requests by trial courts. *See*, *e.g.*, *Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000) (finding Superior Court did not err in remanding upon request of trial court, even though the issue to be addressed on remand had not been preserved for appeal); *Jackson Twp. Supervisors v. Estate of Gresh* (Pa. Cmwlth., No. 1970 C.D. 2014, filed July 9, 2015), 2015 WL 5457012 (unreported)[6] (vacating and remanding for full evidentiary hearing, on trial court's request); *Kelso Woods Ass'n v. Swanson*, 753 A.2d 894 (Pa. Cmwlth. 2000) (vacating and remanding for recalculation of damages upon request of trial court).

---

[6] We cite this unreported decision as persuasive pursuant to 210 Pa. Code § 69.414(a).

6

In its Pa.R.A.P. 1925(a) opinion after reviewing Tenants' Concise Statement, the trial court determined it should not have granted judgment on the pleadings because, as Tenants argued, their claims raise novel issues concerning the application of Article I, Section 8 of the Pennsylvania Constitution to rental unit inspections. We agree with the trial court's conclusion that it should not have granted judgment on the pleadings.

We also find persuasive the federal district court's analysis in *Brower v. Village of Bolingbrook*, 735 F. Supp. 768 (N.D. Ill. 1990), concerning a challenge by tenants to pre-occupancy lease permits as unconstitutional invasions of their privacy: "Without full information on the meaning and operation of the ordinance, and without full briefing on the proper standard of review, we are not prepared to say at this time that the ordinance does not violate the tenants' right of privacy." *Id.* at 775. A full record will be necessary to allow the trial court to issue a reasoned decision. Accordingly, we remand for development of a full record consistent with this opinion.

### B. Article I, Section 8 and Privacy Rights

Article I, Section 8 of the Pennsylvania Constitution provides:

**§ 8. Security from searches and seizures.**

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. I, § 8.

Although the language of Article I, Section 8 is similar to that of the Fourth Amendment of the United States Constitution,[7] our Supreme Court has repeatedly held that the Pennsylvania Constitution provides broader protection of citizens' rights of privacy and freedom from unreasonable searches than does the Fourth Amendment. *Theodore v. Del. Valley Sch. Dist.*, 836 A.2d 76, 88 (Pa. 2003); *see, e.g.*, *Commonwealth v. Melendez*, 676 A.2d 226 (Pa. 1996) (Article I, Section 8 gives greater protection than the Fourth Amendment to the privacy of one's dwelling); *Commonwealth v. Melilli*, 555 A.2d 1254, 1259 (Pa. 1989) (Article I, Section 8 guards individual privacy rights against unreasonable searches more zealously than the Fourth Amendment, "by serving as an independent source of supplemental rights"); *Commonwealth v. Sell*, 470 A.2d 457 (Pa. 1983) (Article I, Section 8 has been consistently interpreted as mandating greater protection than the Fourth Amendment from governmental intrusion on the right of privacy).

## C. Ripeness of As-Applied Constitutional Challenge

The Borough and Place cite this Court's *Berwick* decision in support of their contention that Tenants' as-applied challenge to the rental inspection ordinance is not ripe. Our review of *Berwick*, however, reveals no support for a ripeness objection to Tenants' complaint.

In *Berwick*, this Court found an as-applied challenge by a group of landlords to a borough ordinance was not ripe because the borough's notices of ordinance violations that were in the record had been sent to non-parties, not to the plaintiff

---

[7] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

landlords. *See Berwick*, 48 A.3d at 533. Here, Tenants have been directly affected by the Borough's rental inspection ordinance. They have received inspection notices and have refused voluntary access to their rental units, and the Borough has already obtained administrative warrants. The inspections presumably are on hold only pending the outcome of this case. To require Tenants to endure the inspections before challenging the inspection requirement would render Tenants' Article I, Section 8 privacy rights illusory.

The two decisions cited by this Court in its *Berwick* ripeness analysis likewise offer no support for the ripeness argument asserted by the Borough and Place. In *Pennell v. City of San Jose*, 485 U.S. 1 (1988), the United States Supreme Court found a challenge to a rent control ordinance was unripe where the plaintiff landlords had never requested a rent increase under the ordinance, and in fact, there was no indication the ordinance had ever been applied at all. Similarly, in *Philadelphia Entertainment and Development Partners, L.P. v. City of Philadelphia*, 937 A.2d 385 (Pa. 2007), the Pennsylvania Supreme Court found a challenge to a zoning ordinance was unripe where that ordinance had not been applied.

Here, by contrast, Tenants received notice of inspections under the Borough's inspection ordinance, and upon their refusal to allow the inspections voluntarily, the Borough sought and obtained administrative warrants in an attempt to compel the inspections despite Tenants' objections. The Borough is clearly applying its ordinance, and Tenants are clearly being affected individually by it. We therefore conclude that Tenants' as-applied constitutional challenge is ripe.[8]

---

[8] Our determination of the ripeness of the as-applied challenge further underscores the need for development of a full factual record on remand.

9

## D. Discovery Issues

As explained above, we agree with Tenants that the trial court should have a full record on which to rule regarding both the facial and as-applied challenges to the Borough's rental inspection ordinance. The trial court did not issue opinions explaining its reasons for its discovery rulings. However, it appears those rulings may have been based on conclusions that, as argued by the Borough and Place, the facial challenge presented a question of law governed by Fourth Amendment jurisprudence, and the as-applied challenge was not ripe. As we vacate and remand the trial court's order granting judgment on the pleadings so that the parties may develop a full record, we likewise vacate and remand the trial court's discovery orders so that the trial court may reconsider those discovery motions on remand, to the extent necessary, in light of this opinion.

## E. Place as a Proper Party

Finally, we agree with Tenants that they have not waived their argument concerning whether Place is a proper party to this action. Tenants correctly preserved that argument in their Concise Statement. However, the trial court's opinion in response to the Concise Statement did not mention Place's separate request for dismissal as a basis for the trial court's grant of judgment on the pleadings. Notably, in its request for a remand, the trial court's only explanation was its concession that Tenants' constitutional challenge presents a novel issue. Had the trial court intended its original decision to include Place's separate request for judgment on the pleadings, it presumably would have addressed that issue in its opinion.

10

Tenants reasonably concluded that the trial court had not ruled on that issue, and accordingly, they did not address it in their principal brief on appeal. We decline to find waiver under these circumstances.

Tenants argue that as the officer responsible for overseeing the enforcement of the Borough's ordinance provision concerning rental unit inspections, Place is an appropriate defendant in a legal action challenging the validity of those inspections and is not immune from a civil action, such as this one, which seeks only injunctive relief. However, for the reasons explained above, the issue is not properly before us on appeal. We assume that the trial court will rule on that issue on remand, if appropriate.

## IV. Conclusion

Based on the foregoing discussion, we vacate the trial court's April 3, 2018, February 5, 2019, May 3, 2019, and May 10, 2019 orders and remand this matter to the trial court for further proceedings consistent with this opinion.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorothy Rivera, an Individual, Eddy : 
Omar Rivera, an Individual, Kathleen : 
O'Connor, an Individual, Rosemarie : 
O'Connor, an Individual, Thomas : 
O'Connor, an Individual, and Steven : 
Camburn, an Individual, : 
                Appellants : 
                : 
            v. : No. 722 C.D. 2019
                : 
Borough of Pottstown, and Keith A. : 
Place, in his official capacity as : 
Pottstown Director of Licensing : 
and Inspections : 

## **O R D E R**

AND NOW, this 6th day of January, 2020, the May 10, 2019 order of the Court of Common Pleas of Montgomery County (trial court) granting judgment on the pleadings in favor of the Borough of Pottstown and Keith A. Place, as well as the trial court's discovery orders entered April 3, 2018, February 5, 2019, and May 3, 2019, are VACATED. This matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ELLEN CEISLER, Judge