J-A29030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDAN ANDRE MCKENZIE | : | |
| | : | |
| Appellant | : | No. 442 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 13, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004430-2016

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED: March 11, 2024**

Brendan Andre McKenzie appeals from the judgment of sentence imposed following revocation of his probation for the third time. He challenges the discretionary aspects of his new sentence claiming that it was manifestly excessive, because the trial court placed him in a religious-based community residential rehabilitation ("CRR") facility where he could not comply with its strict rules. Upon review, we vacate McKenzie's sentence on other grounds and remand for further proceedings.

The relevant factual and procedural history follows. On November 8, 2016, McKenzie entered a negotiated guilty plea to one count of aggravated indecent assault of a child (complainant less than 16) and one count of

corruption of minors (collectively "the minors' offenses").[1]  In accordance with the agreement, the trial court sentenced McKenzie to 12 to 24 months' incarceration, followed by three years' probation (March 15, 2018 to March 15, 2021) for the aggravated indecent assault conviction and two years' probation for the corruption of minors conviction, to run concurrent with the other sentence of probation.

On September 29, 2017, after multiple petitions, McKenzie was paroled. Because he did not have an appropriate housing plan, he was sent to Remnant House on October 27, 2017, a Christian-based CRR facility.  However, not long thereafter, he was removed for failure to comply with the rules.  On December 24, 2017, McKenzie went to live with his uncle but remained on parole.

On March 15, 2018, McKenzie started his sentence of probation.

On May 9, 2018, probation was notified that McKenzie's uncle made him leave the house in April 2018 due to McKenzie not working and his alleged drug use.  Probation contacted McKenzie that day and instructed him to report to the probation office, but he did not.  McKenzie remained an absconder for several months until he was arrested on new criminal charges.

In March 2019, McKenzie was convicted for failure to register as a sex offender.  This conviction triggered a VOP hearing on the minors' offenses.  On August 12, 2019, the VOP court found that McKenzie violated his probation

---

[1] 18 Pa.C.S.A. §§ 3125(a)(8) and 6301(a)(1).  Notably, as part of the agreement, the corruption of minors charge was graded as a misdemeanor of the first degree.

for the minors' offenses based, *inter alia*, on these new convictions. The court revoked the sentences of probation and resentenced him to concurrent 5-year terms of probation (August 12, 2019 to August 12, 2024). McKenzie was sent to another CRR. Again, he was unable to comply with the rules and was removed, but he remained on probation.

In October 2019, McKenzie was arrested for failing to register again and subsequently was convicted of this offense. This conviction triggered another VOP hearing on November 2, 2020, and the VOP court found that McKenzie violated his probation for the minors' offenses a second time. The court revoked the probation and resentenced McKenzie to 10 to 20 months' incarceration, with 395 days credit for time served, followed by 5 years' probation for the aggravated indecent assault conviction and a concurrent sentence of 5 years' probation (November 2, 2020 to November 2, 2025) for the corruption of minors conviction. McKenzie was paroled immediately and sent to Remnant House.

In May 2021, McKenzie was removed from Remnant House for failure to comply with the rules. A warrant was issued, and McKenzie turned himself in on May 27, 2021, and was sent to jail. Shortly thereafter, on June 5, 2021, McKenzie's 20-month sentence of incarceration expired. On July 19, 2021, the VOP court ordered, *inter alia*, that McKenzie remain detained and provide a new home plan. On February 7, 2022, following a hearing, the VOP court lifted the detainer, with no further action. McKenzie was released on March

22, 2022, and sent to another CRR. McKenzie remained subject to the remainder of his probationary sentence for the minors' offenses.

At the end of June 2022, McKenzie was discharged from the CRR for failure to follow the rules, and he absconded. A probation violation warrant was issued on June 30, 2022. McKenzie was arrested on July 4, 2022, and sent to jail. While there, McKenzie experienced severe mental health issues. He was sent to Torrance State Hospital.

On March 13, 2023, the VOP court found that McKenzie violated his probation a third time. The court revoked the probation, and resentenced McKenzie as follows: 3½ to 7 years' incarceration for the corruption of minors conviction followed by 4 years' probation for the aggravated indecent assault conviction. McKenzie filed a post-sentence motion which the court denied.

McKenzie filed this timely appeal. He and the court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, McKenzie raises the following issue:

I. Did the [VOP] court abuse its sentencing discretion in imposing a manifestly excessive sentence which failed to consider that [] McKenzie's drug, alcohol, mental health, and sex offender treatments must be addressed in a non-religious setting?

McKenzie's Brief at 7.

McKenzie challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, the appellant must petition this Court for permission to appeal. *See*

- 4 -

*Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). Before reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [by failing to include a Pa.R.A.P. 2119(f) statement]; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [see] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citation and brackets omitted).

Here, McKenzie satisfied the first requirement under *Moury*. However, he did not preserve his issue for appellate review to satisfy the second requirement.[2]

Pennsylvania Rule of Criminal Procedure 708 governs the rules applicable to challenging a sentence imposed following a violation of probation determination. To preserve a discretionary aspects of sentence claim, the appellant must raise the issue either at sentencing or in a post-sentence motion. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). Furthermore, the appellant must set forth therein the particular legal theory asserted on appeal so that the sentencing court was

---

[2] We also observe that McKenzie did not include the specific issue set forth in his statement of questions involved on appeal, pertaining to the religious nature of his community housing, in his Rule 2119(f) statement. As such, we would decline to review it for that reason as well.

- 5 -

given the opportunity to reconsider the imposition of the sentence. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Truong***, 36 A.3d 592, 598 (Pa. Super. 2012) ("New legal theories cannot be raised on appeal."). Thus, an appellant who challenges the discretionary aspects of sentence in a post-sentence motion may only argue on appeal the specific arguments he included in his post-sentence motion. ***See, e.g., Commonwealth v. Rivera***, 238 A.3d 482, 499 (Pa. Super. 2020) (finding appellant waived discretionary aspects of sentence claim because, while he filed a post-sentence motion raising a discretionary claim, that claim differed from the claim he presented on appeal). Failure to properly preserve an argument results in waiver. ***Catrette***, 83 Aa.3d at 1042.

Here, McKenzie filed a post-sentence motion asking to modify his sentence and raising a discretionary aspects of sentence claim. However, the claim raised in his post-sentence motion differed from the one he presents on appeal. McKenzie did not argue to the VOP court that his sentence was excessive because of his inability to comply with the strict rules at a religious based residential facility. McKenzie's Brief at 7, 29. Instead, McKenzie claimed that the trial court failed to consider the relevant sentencing criteria, particularly his rehabilitative needs given his mental health; he did not reference any religious concerns. Thus, his post-sentence motion lacked the requisite specificity necessary to properly preserve this issue for our review.

McKenzie also did not raise this issue at the time of his sentencing. Instead, during the hearing, he acknowledged that he was unable to follow the program requirements in a structured setting, but never mentioned the religious nature of the facility, which he now claims prevented him from successfully completing the mental health and sex offender components of his treatment. N.T., 3/13/23, at 10-12. As such, McKenzie did not preserve his appellate issue by raising it at sentencing.

For these reasons, we conclude that McKenzie's issue is waived, and we will not address the merits of this issue.

Even if McKenzie preserved his sentencing claim, we would conclude that the VOP court did not abuse its discretion when it resentenced McKenzie. Initially, we observe that the VOP court had a pre-sentence investigation report ("PSI"). *Id.* at 4. "[W]here the [] court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). Additionally, the VOP court was well familiar with McKenzie given his "long history of noncompliance." N.T., 3/13/23, at 4.

We further note that the VOP court gave McKenzie multiple opportunities for rehabilitation and treatment in a community setting, with only limited periods of incarceration. However, McKenzie repeatedly failed to comply with the conditions of his probation and the facility requirements. That he now

blames the religious nature of the program facilities as the reason for his inability to comply is absurd. After the VOP court found he violated his probation the second time, the court emphasized it would not accept the religious nature of the CRR as the reason why McKenzie could not comply with the rules. The court stated:

> If I agree to let you go to Remnant, there is no wiggle room. None whatsoever. You will follow the rules. You will abide by the conditions of the ankle bracelet. You will take your medication as it is prescribed for you by your physician.
>
> ***
>
> And if we do that and you can't follow the rules at Remnant, there is no other alternative. The last time I did allow you to go to I think it was an uncle's house. That was a disaster. We are not playing any games now. This is not, "Well, I don't like Remnant because I'm not into the religious stuff. I want to go somewhere else."

N.T., 11/2/20, at 8-9. McKenzie emphatically agreed. *Id.* at 9. Despite this agreement and the court's warning, McKenzie makes the same religious excuse on appeal.

We further observe that the VOP court was well aware of McKenzie's drug, alcohol, and mental health issues and considered these issues each time it sentenced him. The court repeatedly and painstakingly endeavored to provide McKenzie with rehabilitation for these issues in a community setting rather than incarceration. However, given all the circumstances, the court was out of options for McKenzie. N.T., 3/13/23, at 10-11. Consequently, the VOP court imposed a sentence of incarceration, the length of which would

provide him with the treatment he needed and protect the community. *Id.* at 11, 14-15. Additionally, the court recognized that, once McKenzie was released into the community, he would still need supervision to ensure he had stable housing to avoid sex offender registration violations and have help available for his issues. *Id.* at 15-17. Thus, considering the VOP court's rationale, we would conclude that it did not abuse its discretion and McKenzie would not be entitled to relief.

Notwithstanding our decision regarding the discretionary aspects of McKenzie's sentence, the Commonwealth observes that McKenzie's resentence, which is the subject of this appeal, is an illegal sentence. Commonwealth Brief at 32, 36. The Commonwealth maintains that McKenzie negotiated his plea on the corruption of minors charge to be graded as a misdemeanor one rather than a felony three. As such, the statutory maximum sentence was 5 years. However, at McKenzie's most recent VOP hearing on March 13, 2023, the court resentenced him to 3½ to 7 years' incarceration for that conviction. According to the Commonwealth, this exceeded the statutory maximum and is therefore an illegal sentence. Consequently, the Commonwealth recommends that this Court vacate McKenzie's sentence and remand the case so that the VOP court can correctly resentence McKenzie. *Id.* at 36.

Although McKenzie does not argue that his new sentence exceeded the statutory maximum for his corruption conviction, we may examine it *sua sponte* because it implicates the legality of his sentence. ***See***

- 9 -

*Commonwealth v. Muhammed*, 992 A.2d 897, 903 (Pa. Super. 2010). When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal. ***See Commonwealth v. Vasquez***, 744 A.2d 1280, 1284 (Pa. 2000). An illegal sentence should be vacated and remanded for correction. ***Vasquez***, 744 A.2d at 1284.

As the Commonwealth noted, McKenzie's plea agreement graded the corruption of minors charge as a misdemeanor of the first degree. N.T., 11/8/16, 10-11. The statutory maximum sentence for a misdemeanor of the first degree is 5 years. 18 Pa.C.S.A. § 1104(1). Consequently, the 7 ½ year term of incarceration imposed on this count exceeded the statutory maximum.[3] We recognize that this may have been due to a clerical error, but it is nonetheless an illegal sentence and must be corrected. Therefore, we vacate McKenzie's sentence and remand for further proceedings consistent with this memorandum.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[3] We note however that this sentence would not exceed the statutory maximum penalty of 10 years for the aggravated indecent assault conviction, a second-degree felony. ***See*** 18 Pa.C.S.A. § 1103(2).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/11/2024